

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00236-CR

Kevin Leland **DAVIS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR10897
Honorable Melisa Skinner, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:        Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  July 25, 2018

AFFIRMED

Kevin Leland Davis appeals his conviction for robbery. He argues that there is legally insufficient evidence to support his conviction and that he received ineffective assistance of counsel. We affirm the judgment of conviction.

### BACKGROUND

The facts of this case are undisputed. Davis went to a bank inside of an H-E-B, approached banker Tiffany Cerda, and said, "This is a robbery," and "This is not a joke." Davis also showed Cerda a note that stated, "This is a robbery." Davis threw a plastic bag onto the counter and

instructed Cerda to put money in the bag, and Cerda put approximately $700 in the bag. Davis took the bag and told Cerda not to touch the alarm. Davis left with the money, and Cerda and another bank employee, Lawanna Johnson, locked themselves in the vault until the police arrived. Davis was thereafter arrested.

Davis was indicted for robbery, specifically by committing theft while intentionally and knowingly threatening and placing Cerda in fear of imminent bodily injury and death. Davis pled not guilty, and the case proceeded to a jury trial. Cerda and Johnson testified about the incident, and San Antonio Police Department officer Christopher Estrada testified about his response to the report of a robbery. Several other witnesses testified, either to lay the foundation for the admission of video recordings, or to explain how Davis was caught and identified as the perpetrator of the offense. The trial court also admitted video recordings of the incident taken by cameras inside the bank. After hearing the evidence, the jury returned a guilty verdict. The trial court assessed and imposed Davis's punishment. Davis timely appealed.

**LEGAL SUFFICIENCY**

In his first issue, Davis argues that there is legally insufficient evidence that he committed robbery. In reviewing the legal sufficiency of the evidence, we ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307 (1979); *accord Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). We review the evidence "in the light most favorable to the verdict." *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). "Our role on appeal is restricted to guarding against the rare occurrence when a factfinder does not act rationally," and we must "defer to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

In this case, the State was required to prove Davis, in the course of committing theft, intentionally or knowingly threatened or placed Cerda in fear of imminent bodily injury or death. *See* TEX. PENAL CODE ANN. § 29.02(a)(2) (West 2014); *see also Boston v. State*, 410 S.W.3d 321, 325 (Tex. Crim. App. 2013). "'Bodily injury' means physical pain, illness, or any impairment of physical condition." TEX. PENAL CODE ANN. § 1.07(a)(8). Unlike aggravated robbery, robbery does not require that the State prove additional elements, such as the defendant using or exhibiting a deadly weapon. *See* TEX. PENAL CODE ANN. § 29.03(a)(2). Davis does not challenge that he was the individual at the bank who took money from Cerda or that he committed theft.[1]

Davis argues there is no evidence that he intentionally or knowingly threatened or placed Cerda in fear of imminent bodily injury or death.[2] Cerda testified she was a bank employee, and Davis approached her and said "This is a robbery," showed her a note stating, "This is a robbery," and said, "This is not a joke." Cerda testified she went into a state of shock, pressed the bank's alarm after Davis turned around to exit the bank, told Johnson the bank had just been robbed, and hid with Johnson in the vault until the police arrived. She also testified she was afraid Davis could hurt her, she did not know if he had a weapon, and she interpreted Davis's note as a threat he would hurt her if she did not give him the money. Johnson testified Cerda started to cry when she said they had just been robbed. Officer Estrada also testified Cerda was "very shaken" and said she was frightened. Davis cites statements from Cerda's testimony that he argues undermines her credibility as a witness; specifically, her statements that she was not alarmed when she saw him standing in line and her ambiguous testimony suggesting she thought Davis was joking. However, we must defer to the jury's responsibility to weigh the evidence. *See Isassi*, 330 S.W.3d at 638.

---

[1] Having reviewed the record, we would hold the evidence was legally sufficient as to the other elements as well.

[2] Davis also argues there is no evidence he caused any bodily injury, but that argument is misplaced because the indictment did not allege that he committed robbery by causing bodily injury. We therefore need not address this contention.

Davis further argues there is no evidence that he did anything intentionally or knowingly to place Cerda in fear of imminent bodily injury. He notes there is no evidence that he was carrying a weapon, told Cerda he had a weapon, or said he was going to cause any type of injury to Cerda. The Texas Penal Code defines intentionally and knowingly as follows:

(a)  A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

(b)  A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist.  A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

TEX. PENAL CODE ANN. § 6.03 (West 2011). The evidence showed that Davis went into a bank, told Cerda "This is a robbery," and "This not a joke," and handed Cerda a note stating, "This is a robbery." The jury rationally could have inferred from this evidence that Davis's conscious objective or desire was to threaten or place Cerda in fear of physical pain or an impairment of her physical condition, he was aware his conduct was threatening, or he was aware the surrounding circumstances were reasonably certain to cause Cerda to fear imminent physical pain or an impairment of her physical condition. *See Russell v. State*, No. 10-13-00032-CR, 2014 WL 2466530, at *2 (Tex. App.—Waco May 29, 2014, no pet.) (mem. op., not designated for publication) (affirming robbery conviction when appellant told hotel employee "Give me all your money. This is a robbery" and employee did not think it was a joke and feared appellant might hurt her, even though appellant did not exhibit a weapon). We hold there is legally sufficient evidence that Davis committed theft and intentionally, or knowingly threatened or placed Cerda in fear of imminent bodily injury or death.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Davis also argues he received ineffective assistance of counsel. Sixth Amendment ineffective assistance of counsel claims are governed by *Strickland v. Washington*'s two-prong test under which we determine (1) whether trial counsel's representation was constitutionally deficient, and (2) whether the deficient performance prejudiced the defense. 466 U.S. 668 (1984); *accord Russell v. State*, 90 S.W.3d 865, 875 (Tex. App.—San Antonio 2002, pet. ref'd). To satisfy *Strickland*'s first prong on direct appeal, the record must demonstrate: (1) trial counsel's deficient performance of some act or failure to perform some act, and (2) trial counsel had no reasonable trial strategy for the act or omission. *See Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). "Any allegation of ineffectiveness must be firmly founded in the record." *Russell*, 90 S.W.3d at 875.

"There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Generally, trial counsel should be afforded an opportunity to explain "his actions before being denounced as ineffective." *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). When trial counsel is not given that opportunity, we will not find trial counsel's performance deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* Thus, "[u]nder normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel's conduct was reasonable and professional." *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

Davis contends his trial counsel's performance was deficient in several ways. First, he argues trial counsel should have objected to the testimony of witnesses who, in explaining how Davis was apprehended, suggested Davis had a criminal record. For example, Davis's parole

officer testified she recognized Davis's face in a photo she saw on Crime Stoppers and stated Davis had a Texas Department of Corrections number. Second, he contends trial counsel should have moved for a directed verdict because there was legally insufficient evidence that he committed a robbery. Third, Davis argues trial counsel's performance was deficient because trial counsel failed to request a lesser included offense instruction on theft.

We however have held there is legally sufficient evidence to support the jury's verdict that Davis committed robbery. Furthermore, Davis's trial counsel was not afforded an opportunity to explain his actions, and the record before us is silent as to why he did not request the lesser included offense instruction or object to the evidence suggesting Davis had a criminal history. Davis also does not cite to any evidence showing that he would have been entitled to a lesser included offense instruction on theft had trial counsel requested one. *See Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007) (requiring, for lesser included offense instruction, there be affirmative evidence that defendant, if guilty, is "guilty only of the lesser-included offense"). Based on the record before us, we hold Davis has failed to overcome the strong presumption that his trial counsel's conduct fell within the wide range of reasonable professional assistance. *See Thompson*, 9 S.W.3d at 813. We therefore cannot say Davis received ineffective assistance of counsel.

## CONCLUSION

We affirm the trial court's judgment of conviction.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH

- 6 -